UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ I. GUILLEN,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 10-1430-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On September 17, 2010, Luz I. Guillen ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for Social Security disability and disability insurance benefits. The Commissioner filed an Answer to the Complaint on March 21, 2011. On June 1, 2011, the parties filed a Joint Stipulation ("JS").

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the undersigned Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and the case dismissed with prejudice.

# BACKGROUND

Plaintiff is a 41 year old female who filed an application for SSI disability and disability insurance benefits on June 25, 2007, alleging disability beginning September 3, 2003. (AR 7.) Plaintiff has not engaged in substantial gainful activity since that date. (AR 9.)

Plaintiff's claim was denied initially and on reconsideration. (AR 7.) Plaintiff filed a timely request for a hearing, which was held on September 17, 2009, in Orange, California, before Administrative Law Judge ("ALJ") Charles E. Stevenson. (AR 13.) Plaintiff appeared with counsel at the hearing and testified with the assistance of a Spanish interpreter. (AR 7.) Vocational expert ("VE") Alan L. Ey also appeared at the hearing. (AR 7.)

The ALJ issued a decision denying benefits on November 24, 2009. (AR 7-13.) The Appeals Council denied Plaintiff's request for review on July 21, 2010. (AR 1-3.)

# DISPUTED ISSUES

As reflected in the Joint Stipulation, the only issue Plaintiff raises as a ground for reversal and remand is as follows: Whether the ALJ erred as a matter of law by failing to assess properly the Plaintiff's credibility.

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d) (1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before

making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must account for all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since September 3, 2003, the alleged onset date. (AR 9.)

At step two, the ALJ found that Plaintiff has the following medically determinable severe impairments: degenerative disc disease of the cervical spine, carpal tunnel syndrome, and ulnar neuropathy. (AR 9.)

At step three, the ALJ determined that Claimant does not have an impairment or combination of impairments that meets or medically equals the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, Appendix 1. (AR 10.)

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

1    The ALJ then found that Plaintiff had the RFC to perform light work with a limitation to
2  frequent reaching, handling, fingering, and feeling.  (AR 10.)  In determining Plaintiff's RFC,
3  the ALJ made an adverse credibility finding.  (AR 11.)

    At step four, the ALJ found that Plaintiff is capable of performing her past relevant
work as a filter assembler and general office clerk as generally performed.  (AR 13.)

    Consequently, the ALJ concluded that Plaintiff was not disabled within the meaning of
the Social Security Act.  (AR 13.)

## DISCUSSION

Plaintiff purports to challenge only the ALJ's adverse credibility determination. Plaintiff, however, also challenges the ALJ's RFC and his assessment of the medical evidence on which the RFC is based.

The ALJ's RFC and credibility determinations are based on substantial evidence and free of legal error.  The ALJ's nondisability determination must be affirmed.

**I.    THE ALJ'S RFC IS SUPPORTED
       BY THE MEDICAL EVIDENCE**

The ALJ determined that Plaintiff had the RFC for light work with certain limitations that make her capable of performing her past relevant work.  The ALJ's RFC is supported by the medical evidence.

The ALJ relied primarily on the report of an orthopedic consulting examiner Dr. John Simmonds.  (AR 231-235.)  On examination, he found Plaintiff in no acute or chronic duress, she was able to get on and off the examination table, and to rise on her toes.  (AR 233.)  Her range of motion had no discernible limitation and straight leg raising was negative.  (AR 233.) She did have pain in her wrists and elbows and carpal tunnel tenderness but full range of motion of her left and right wrist.  (AR 233-34.)  Dr. Simmonds diagnosed carpal and cubital syndrome and epicondylitis.  (AR 234.)  Notwithstanding these impairments, he assessed Plaintiff's RFC as follows:

> . . . the claimant is able to push, pull, lift, and carry 20 pounds
> occasionally and 10 pounds frequently.  Walking and standing can be

5

|   |   |
|---|---|
| 1 | done without restrictions. No assistive device is required for ambulation. |
| 2 | Postural activities, i.e., bending, kneeling, stooping, crawling, and |
| 3 | crouching can be done without restrictions. Agility, i.e., walking on |
| 4 | uneven terrain or working at heights can be done without restrictions. |
| 5 | Climbing ladders with regards to both upper and extremities should be |
| 6 | limited to occasional. Sitting has no restrictions. Gross manipulative |
| 7 | movements can be done frequently with both upper extremities and fine |
| 8 | manipulations should be limited to occasional for both upper extremities |
| 9 | given the cubital tunnel syndrome in both extremities. |

(AR 234-35.) A State agency reviewing physician gave the same RFC assessment. (AR 236-40.) The ALJ accepted these light work assessments with frequent gross manipulative movements but not the restriction to occasional fine manipulation because Plaintiff proved by her clerical work for her husband that she was not so limited (there was "no reason to find a limit of less than that actually done"). (AR 11-12.)

The ALJ rejected the contrary assessments of Kaiser Permanente treating physician Dr. Matthew Thomas Huey and chiropractor Dr. Harold Black. Plaintiff challenges the ALJ's rejection of their opinions. The ALJ's findings, however, are supported by substantial evidence and free of legal error.

**A. Relevant Law**

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)

(citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.      Analysis**

Plaintiff's Kaiser Permanente treating physician Dr. Matthew Huey offered a more restricted RFC assessment of Plaintiff than Dr. Simmonds and the State reviewing physician did. Dr. Huey opined that Plaintiff could lift and carry only 10 pounds, could not bend or

squat, had only occasional use of the hands, could reach above the shoulders only occasionally, and would require a sit/stand option. (AR 12, 579.) Because Dr. Huey's opinion is contradicted, the ALJ is required to offer specific, legitimate reasons for rejecting it. Bayliss, 427 F.3d at 1216.

The ALJ offered two reasons for doing so, both specific and legitimate. First, he noted that "clinical records fail to reveal the type of <u>significant</u> clinical and laboratory abnormalities which would be expected of an individual with the degree of restrictions as reported by this physician." (AR 12 (emphasis added).) He gave as examples findings in Kaiser's records indicating Claimant to have "normal coordination, a normal gait, normal range of motion in both shoulders, normal muscle strength, and generally normal radiological studies." (AR 12-13.) Other Kaiser physicians reported normal findings inconsistent with Plaintiff's alleged subjective symptoms. (AR 605-06.) Additionally, earlier in the ALJ decision, the ALJ noted, in discounting Plaintiff's allegations of joint pain and pain in the back, shoulders and wrists, that considerable objective testing like MRIs and physical examinations were unremarkable. (AR 9.) All this contrary medical evidence was in Kaiser's medical records and available to Dr. Huey. Plaintiff points to some findings by Dr. Huey as "objective evidence," but these findings were not "significant." Plaintiff, moreover, never addresses the contrary treatment notes and findings in the Kaiser medical records specifically cited by the ALJ in his decision. An ALJ may reject a treating physician's opinion if inconsistent with and unsupported by treatment records. Thomas, 278 F.3d at 957 (ALJ need not accept treating physician's opinion if inadequately supported by clinical findings); Matney v. Sullivan, 981 F.2d 1016, 1020 (9th Cir. 1992) (treatment records inconsistent with treating physician's opinion).

The ALJ's second reason for rejecting Dr. Huey's RFC opinion was that it "contrasts sharply with, and is without substantial support from the other evidence of record which further serves to render it less persuasive." (AR 13.) This is a reference to the findings of Dr. Simmonds and the State reviewing physician, as well as the Kaiser medical records. Once again, Plaintiff fails to address the unremarkable objective testing, MRIs and physical

examinations that are contained in the Kaiser medical records.  Plaintiff also never addresses Dr. Simmonds' findings except to say that Dr. Huey's opinion should prevail as the treating physician.  The ALJ, however, has the authority to reject a treating physician's opinion by relying on an examining physician's opinion supported by different, independent clinical findings.  Andrews, 56 F.3d at 1041; Orn, 495 F.3d at 632.  There was no error in doing so here, particularly in view of the lack of clinical evidence to support Dr. Huey's restrictions.

The ALJ also rejected the RFC assessment of chiropractor Dr. Harold Black.  He assessed "tentative" work preclusions for Plaintiff of "no heavy lifting, repetitive gripping, grasping, pushing, pulling, torquing, twisting and over the shoulder activities with her left upper extremity."  (AR 382.)  He also opined that she should avoid repetitive gripping, grasping and overhead work with her right upper extremity and prolonged motions with her back.  (AR 382.)

The ALJ discounted Dr. Black's opinion for the following reasons:

> . . . findings in the record are not supportive of such restrictions.  For example, a consultative orthopedic examination completed on October 17, 2007 with Dr. John Simmonds recorded tenderness and a positive Tinel's sign in the left upper extremity, although the examination was otherwise fairly benign in showing the absence of any swelling, effusion, erythema, warmth or deformity of any joint, normal range in motion, normal motor strength at 5/5 in the upper and lower extremities, and normal reflexes (Ex 3F).  Other clinical progress notes in the record reflected the claimant's pain symptoms as being alleviated by medication without any reported side effects, in additional to other modalities of rest and heat and that she was independent in terms of daily activities.  An exacerbation of neck pain was reported, although the claimant had reportedly been doing "excessive" housework (Ex 19F).  This activity

| | implies that the claimant's functional capacities exceed Dr. Black's |
|---|---|
| | restrictions. In weighing the assessment of Dr. Black, the undersigned |
| | further finds that as an orthopedist, the opinion of Dr. Simmonds is |
| | entitled to the greater weight. Dr. Simmonds assessed the claimant with |
| | a light functional capacity with frequent gross manipulative movements |
| | and occasional fine manipulation. The similar findings were found by the |
| | reviewing medical consultant with the state agency (Ex 4F). |

(AR 11.)

As already noted, the ALJ may reject the opinion of a treating physician or chiropractor by relying on an examining physician's opinion supported by different, independent clinical findings. Andrews, 56 F.3d at 1041; Orn, 495 F.3d at 632. Plaintiff's only challenges to the ALJ's finding, moreover, are that Dr. Black's opinion was given in 2004, Plaintiff's neck pain occurred in 2008, and Dr. Black did not treat Plaintiff for neck pain. Plaintiff, however, does not address the contrary findings of Dr. Simmonds on which the ALJ relies in rejecting Dr. Black's opinion, or the ALJ's decision to give more weight to an orthopedist than a chiropractor.[2]

It is the ALJ's responsibility to resolve conflicts in the medical evidence. Andrews, 53 F.3d at 1039. The ALJ did so in rejecting Dr. Huey's and Dr. Black's opinions for specific, legitimate reasons based on substantial evidence. There was no error. Thus, the ALJ's RFC is supported by the medical evidence and must be affirmed unless Plaintiff's subjective symptoms warrant a more restrictive RFC.

---

[2] Plaintiff asserts that the ALJ failed to properly translate Dr. Black's worker's compensation opinion that Plaintiff was temporarily totally disabled in 2004. An ALJ may not disregard a worker's compensation medical opinion. Booth v. Barnhart, 181 F. Supp. 2d 1099, 1105 (C.D. Cal. 2002). The ALJ did not do so. He specifically rejected Dr. Black's RFC based on Dr. Simmonds' 2007 assessment. (AR 11.)

Additionally, the ALJ properly rejected the opinion of workers' compensation physician Dr. Steven Bourman because it was a one page, check box "purely conclusory" opinion. (AR 12, 357.) Thomas, 278 F.3d at 957 ("the ALJ need not accept the opinion of any physician, even a treating physician, if that opinion is brief, conclusory and unsupported by clinical findings").

## II. THE ALJ'S CREDIBILITY DETERMINATION IS SUPPORTED BY SUBSTANTIAL EVIDENCE AND FREE OF LEGAL ERROR

The ALJ made an adverse credibility finding regarding Plaintiff's subjective pain symptoms. The ALJ discounted Plaintiff's credibility because: (1) the objective medical evidence does not support Plaintiff's pain allegations; (2) Plaintiff's daily activities were inconsistent with allegations of her alleged pain symptoms; (3) she actually performed some work during the period of alleged disability that indicates the capability to do light work; (4) there was evidence Plaintiff was exaggerating her symptoms; and (5) Plaintiff's treatment was more conservative than would be expected if her condition was as severe as claimed. (AR 9-13.)

Plaintiff alleges that the ALJ's adverse credibility finding fails to set forth clear and convincing reasons supported by substantial evidence. The Court disagrees.

### A. Relevant Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas v. Barnhart, 278 F.3d at 958; see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what

testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.   Analysis**

The ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause her pain symptoms. (AR 11.) The ALJ, however, also found that Claimant's statements about the intensity, persistence and limiting effects of those symptoms were not credible to the extent inconsistent with the ALJ's light work RFC. (AR 11.) The ALJ made no express finding of malingering, although he cited physician evidence that Plaintiff's statements were unreliable. Even under the "clear and convincing reasons" test, however, the ALJ's credibility determination must be upheld.

1.   <u>Plaintiff's Subjective Symptoms Are Inconsistent
With The Objective Medical Evidence</u>

The ALJ found that the medical evidence does not support Plaintiff's subjective pain symptoms. (AR 9-13.) Inconsistency between Plaintiff's subjective symptom testimony and the objective medical evidence may not be the sole reason for discounting a claimant's credibility, but contrary medical evidence is nonetheless a legitimate and relevant factor to be considered in assessing credibility. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2002).

In this case, the claimant complained of multiple joint pain, including to her back, shoulders, wrists, and knees. (AR 9.) These complaints were inconsistent with objective medical evidence, including X-rays, MRIs, and physical examinations. (AR 9.) She complained of headaches, but a neurological exam was normal. (AR 9.) She complained of depression, but mental status examinations were normal. (AR 10.) Plaintiff's subjective symptoms also were inconsistent with the opinions and RFCs of Dr. Simmonds and the State reviewing physician, as already noted. There was substantial evidence to support the

ALJ's finding that the medical evidence is inconsistent with Plaintiff's subjective pain symptom allegations.

### 2. Plaintiff's Daily Activities Are Inconsistent With Plaintiff's Subjective Symptoms

The ALJ also found that Plaintiff's daily activities were inconsistent with her alleged pain symptoms. (AR 9-10, 13.) An ALJ properly may discount a claimant's credibility if her daily activities contradict her other testimony or demonstrate the capacity for work. Orn, 495 F.3d at 639; Burch v. Barnhart, 400 F.3d 676-680-81 (9th Cir. 2005).

Clinical notes indicate statements by Plaintiff that her pain symptoms were alleviated by medication and that she was "independent in activities of daily living". (AR 9, 491). She also reported that she runs errands, cares for her children and does house chores. (AR 10.)

Plaintiff presents only a partial challenge to the ALJ's findings on daily activities, arguing that Plaintiff is in constant pain and in need of chronic pain management. (AR 24-25, 674.) Plaintiff's assertion is belied by her own statements to the contrary (AR 491) and by her exaggerations and conservative treatment noted below. Plaintiff's contention would not explain her independent activities of daily living in any event.

The ALJ discounted the lay statement of Plaintiff's mother who gave a more restrictive assessment that conflicted with Plaintiff's statements about her daily activities. An ALJ is required to take lay witness testimony into account and give reasons for rejecting it germane to each witness. Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); Smolen, 80 F.3d at 1288-89; Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009). The ALJ did so here. Plaintiff makes only the non-responsive assertion that the mother's statement is consistent with some other testimony of Plaintiff.[3]

---

[3] The ALJ also rejected the RFC of a physician's assistant ("PA"), who indicated Plaintiff could not even perform sedentary work. (AR 12, 416-21.) The ALJ properly rejected this assessment as medical evidence because the PA was not an acceptable medical source. (AR 12.) Plaintiff nonetheless argues essentially that the PA's assessment should be considered not as medical evidence, but as lay witness testimony bearing on Plaintiff's credibility and functional capacity to work. Even so, there was substantial other
(continued...)

There was substantial evidence to support the ALJ's finding of inconsistent daily activities. At best, the evidence is contradictory and an ALJ credibility finding should not be reversed on contradictory evidence. Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995); Allen v. Heckler, 749 F.2d 577, 580 (9th Cir. 1984).

### 3. Plaintiff's Work Is Inconsistent With Her Alleged Symptoms

The ALJ also observed that Plaintiff had done some clerical work at her husband's trucking company during the disability period. (AR 11-12, 40-41.) This included typing, filing, answering phones, and scheduling truck routes. (AR 11-12, 40-41.) This work was not substantial gainful activity because Plaintiff was not paid for this work but, like her daily activities, the ALJ found it demonstrates the ability to do light work.

Plaintiff does not dispute her work activity but asserts that the clerical work was done on an as needed basis, at home, and with difficulty. (AR 40, 43, 44, 138.) Plaintiff asserts that the ALJ failed to explain the weight given to the factors for determining substantial gainful activity ("SGA"). The ALJ, however, was not determining SGA; he specifically found Claimant had not engaged in SGA since the onset date. (AR 9.) The ALJ was making the point that Plaintiff's work activity demonstrated fine manipulation and was inconsistent with her symptoms.

### 4. Plaintiff Exaggerated Her Symptoms

The ALJ noted that a Kaiser physician regarded Plaintiff's reported pain complaints as unreliable. (AR 12.) Dr. Rudek stated that all tests were unreliable because Plaintiff was uncooperative and complained of pain at every test. (AR 641.) The Court previously noted that Plaintiff's alleged joint pains were not corroborated by objective testing and physical examinations and that rheumatological, neurological and mental status examinations did not

---

³(...continued)
evidence supporting the ALJ's adverse credibility determination. The failure to address lay witness evidence is harmless where the Court can conclude confidently that no reasonable ALJ, on crediting the testimony, would reach a different disability determination. Stout v. Comm'r, Social Sec. Admin., 454 F.3d 1050, 1054-56 (9th Cir. 2006). The Court so concludes.

support Plaintiff's other symptom allegations. (AR 9-10.) Exaggerating symptoms is a proper basis for discounting Plaintiff's credibility. <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1148 (9th Cir. 2001).

Plaintiff does not dispute this evidence but refers to other conflicting medical evidence and progress notes indicating a need for chronic pain management. (AR 640, 674.) Again, however, the ALJ is responsible for resolving disputes in the medical evidence. <u>Andrews</u>, 53 F.3d at 1039. Plaintiff's assertion, moreover, does not address the numerous unremarkable testing and examinations that did not support Plaintiff's symptom allegations.

### 5. Plaintiff's Conservative Treatment Is Inconsistent With Her Alleged Symptoms

The ALJ found that Plaintiff's treatment has been "more conservative than would be expected given the severity of the allegations." (AR 12.) Other than a carpal tunnel release as part of her workers' compensation claim, Plaintiff's treatment consisted of medication and physical therapy (AR 164, 246-276), which is inconsistent with her assertion of constant disabling pain. An ALJ may discount a claimant's subjective pain testimony based on conservative treatment. <u>Parra</u>, 481 F.3d 742, 750-51. Plaintiff does not address the ALJ's finding of conservative treatment as a basis of discrediting her credibility.

### 6. Summary

The ALJ considered appropriate factors in assessing Plaintiff's subjective complaints. Credibility determinations are the province of the ALJ. <u>Russell v. Bowen</u>, 856 F.2d 81, 83 (9th Cir. 1988). Where, as here, the ALJ offered specific, clear and convincing reasons for rejecting Plaintiff's subjective pain testimony, and substantial evidence in the record supports those findings, the ALJ's decision must be upheld. <u>Fair v. Bowen</u>, 885 F.2d 597, 604 (9th Cir. 1989). ALJ credibility determinations should not be reversed where the evidence is contradictory or ambiguous. <u>Johnson</u>, 60 F.3d at 1434.

///

///

///

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED and that this action is dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.


DATED: June 9, 2011 /s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE